Daniel E. WOLFE, Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 50311.

Supreme Court of Minnesota.

May 16, 1980.

C. Paul Jones, Public Defender, and Michael F. Cromett, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan L. Mitchell, County Atty., and Kevin O'Connell, Asst. County Atty., Duluth, for respondent.

OTIS, Justice.

Petitioner, who was found guilty by a district court jury of second-degree murder, Minn.Stat. § 609.19 (1978), and sentenced by the trial court to a prison term of 1 year and 1 day to 40 years, contends on this appeal from the order denying his petition for postconviction relief that the evidence was legally insufficient to establish intent to kill and that the trial court prejudicially erred in refusing to submit second-degree manslaughter, Minn.Stat. § 609.205(1) (1978) (causing death of another by culpable negligence creating unreasonable risk of death or great bodily harm). We affirm.

The evidence at trial showed that petitioner, while arguing with an unarmed acquaintance, opened his knife which had a 3¾-inch blade and stabbed the victim in the chest. The knife penetrated nearly 4 inches into the victim's body and resulted in a fatal wound to the heart. After the stabbing petitioner fled the scene, saying to his friends who were witnesses, "See you in 40 years." Petitioner was arrested in Milwaukee the following day. We conclude that the evidence was sufficient to support a finding of intent to kill.

While the trial court did submit third-degree felony murder and the lesser manslaughter version of that offense, Minn. Stat. §§ 609.195(2), .20(2) (1978), the court refused to submit second-degree nonintentional manslaughter involving culpable negligence. The rule is that a trial court has to submit a lesser-included offense only if there is evidence which produces a rational basis for a verdict acquitting defendant of the offense charged and convicting him of the lesser offense. *State v. Leinweber*, 303 Minn. 414, 422, 228 N.W.2d 120, 125–26 (1975). In some intentional homicide cases the trial court will be justified in submitting second-degree manslaughter and in others, not. *Compare State v. Swanson*, 307 Minn. 412, 240 N.W.2d 822 (1976) *with State v. Malzac*, 309 Minn. 300, 244 N.W.2d 258 (1976). Here petitioner did not testify and the evidence all pointed toward the conclusion that the stabbing was intentional. Under these circumstances, we conclude that the trial court properly concluded that there was no rational basis for a finding that the stabbing was an accident resulting from petitioner's culpable negligence. We also note that even if we were to hold that nonsubmission was error, the error would be deemed harmless because the fact that the jury found petitioner guilty of second-degree murder, instead of any of the lesser offenses submitted, establishes that the jury would not have returned a verdict of second-degree manslaughter even if that offense had been submitted. *See State v. Lee*, 282 N.W.2d 896 (Minn.1979); *State v. Merrill*, 274 N.W.2d 99 (Minn.1978).

Affirmed.